IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re | CASE NO. 10-04048 BKT |
| AAA IMPORTS, INC. | |
| Debtor | Chapter 11 |

## STIPULATION FOR THE INTERIM USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

**TO THE HONORABLE COURT:**

COME NOW AAA Imports, Inc. (the "Debtor") and Banco Popular de Puerto Rico ("Banco Popular"), as the owner, as of April 30, 2010, of all credit relationships among the Debtor and its affiliates and Westernbank Puerto Rico ("Westernbank")[1], each by their undersigned counsel, and respectfully submit this Stipulation on the Interim Use of Cash Collateral and Adequate Protection (the "Stipulation") and request that the Court approve the same on an emergency basis.

1. On May 13, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the provisions of 11 U.S.C. Chapter 11, and as of that date has been managing its affairs and operating its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Prior to the Petition Date, the Debtor and Banco Popular (through Westernbank) entered into a number of credit relationships pursuant to which the Debtor provided as collateral to Banco Popular (through Westernbank) substantially all of the Debtor's assets including, among others, the Debtor's cash collateral.

3. Subsequent to the Petition Date, the Debtor and Banco Popular have agreed to the limited use of cash collateral and initial adequate protection as set forth herein on an interim basis

---

[1] References to Banco Popular prior to April 30, 2010 shall include and refer to Westernbank.

(for the period of the Petition Date through May 31, 2010) to allow the parties time to evaluate and consider a more permanent use of cash collateral and the terms of additional adequate protection for any such use. Banco Popular is willing to authorize such interim use solely under, and in reliance upon, the terms and conditions and initial adequate protection set forth herein.

4. Section 363(c)(2) of the Bankruptcy Code provides that the Debtor may not use, sell or lease cash collateral unless: "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. §363(c)(2).

5. The Debtor and Banco Popular have negotiated and agreed upon the terms of initial adequate protection that will entitle the Debtor to use Banco Popular's cash Collateral on a interim and consensual basis, as detailed and pursuant to the terms described below:

    a. Pursuant to this agreement, the Debtor shall be authorized to use Banco Popular's cash collateral solely to satisfy the permitted expenditures detailed and described (the "Permitted Expenditures") in the budget (the "Budget", attached as Exhibit 1). The total authorized use of cash collateral is as set forth in the Budget (the "Authorized Cash Collateral") and for the period commencing the on the Petition Date and ending May 31, 2010 (the "Cash Collateral End Date"). Banco Popular's consent to use of cash collateral and the Debtor's right to use the cash collateral shall terminate automatically on the Cash Collateral End Date (unless both parties agree otherwise). Further, nothing contained herein shall obligate Banco Popular to extend any use of the cash collateral beyond the Authorized Cash Collateral or the Cash Collateral End Date nor to accept, waive, and/or deem the adequate protection provided herein as the sole adequate protection that is required for a final and permanent use of cash collateral. Finally, the Debtor is not authorized to use cash collateral beyond the

Authorized Cash Collateral, for any expenditure other than the Permitted Expenditures, nor beyond the Cash Collateral End Date.

b. Pursuant to Sections 361 and 363 of the Bankruptcy Code, as adequate protection for Banco Popular, the Debtor hereby grants to Banco Popular a replacement lien and a post-petition security interest on all of the assets and collateral acquired by the Debtor after the Petition Date, as provided in the loan documents, as entered into pre-petition, to the same extent and priority, and on the same types of property, as Westernbank's (now Banco Popular's) liens and security interests in the pre-petition collateral (the "Replacement Liens"). The Replacement Liens shall be deemed effective and perfected as of the Petition Date without the need of the execution or filing by the Debtor or Banco Popular of any additional security agreements, pledge agreements, financing statements or other agreements.

c. The Debtor will also pay Banco Popular on or before the Cash Collateral End Date the sums set forth in the Budget, which are part of the amounts due under the respective loan documents.

d. Further, the Debtor shall submit to Banco Popular weekly reports detailing: (a) the amount, aging, and description of all of the Debtor's accounts receivable, inventory and other cash collateral; and (b) the amount of cash collateral collected and/or used to satisfy the expenses set forth in the Budget (collectively, the "Reports"). The Reports shall be submitted on Monday of each week, detailing the respective activities as of the end of the prior week.

### Request for Emergency Determination

6. The Debtor requires access to cash during the period described above to continue its operations. Given the importance of the requested relief to the Debtor and its estate, the Debtor

(and Banco Popular) request that this Court consider this Stipulation and approve the same on an emergency basis.

7. No previous application for the relief sought herein has been made to the Court.

8. Debtor and Banco Popular have carefully examined the matter object of the Stipulation and have concluded that there is a true need for it to be decided on an emergency basis. The Debtor and Banco Popular have not created the need for this emergency relief through any lack of due diligence.

**WHEREFORE**, Banco Popular and Debtor stipulate to the above, and jointly request the Court's emergency approval thereof.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 24th of May, 2010.

| **EDGARDO MUÑOZ, PSC**<br>*Attorneys for Debtor*<br>PO Box 360971<br>San Juan, PR 00936-0971<br>Tel. (787) 524-3888<br>Fax (787) 524-3888<br><br>**s/ EDGARDO MUÑOZ**<br>   USDC NO. 125713<br>emunoz@emunoz.net | **O'NEILL & BORGES**<br>*Attorneys for Westernbank Puerto Rico*<br>American International Plaza<br>250 Muñoz Rivera Avenue,<br>Suite 800<br>San Juan, Puerto Rico 00918-1813<br>Tel:   (787) 764-8181<br>Fax:   (787) 753-8944<br><br>*/s/ Luis C. Marini*<br>Luis C. Marini<br>USDC No. 222301 |

In San Juan, Puerto Rico, this 24th of May, 2010.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties appearing in said system, including the U.S. Trustee;  and by --   first class mail -- to the U.S. Trustee, the 20 largest unsecured creditors and other parties appearing in the Service List attached to this filing.

**s/ EDGARDO MUÑOZ**
   USDC NO. 125713