### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>AAA IMPORTS, INC.<br><br>DEBTOR | Case Num. 10-04048 (BKT)<br><br>Chapter 11 |

### MOTION TO DISMISS UNDER SECTION 1112

COMES NOW the Economic Development Bank of Puerto Rico (hereinafter referred to for its Spanish acronym as "BDEPR"), through the undersigned attorney, and very respectfully state and prays:

1. On May 13, 2010 debtor AAA Imports Inc. (hereinafter "Debtor") filed a Voluntary Petition under Chapter 11. Still pending the above reference case, on October 2010, debtor requested from the BDEPR a non revolving credit line to purchase inventory. On October 29, 2010 the BDEPR approved Debtor's application contingent on the grant of "superpriority" status to the debt in the proposed Reorganization Plan and the repayment of the debt as proposed in the commitment letter.

2. On November 3, 2010 debtor filed an Urgent Motion for Approval of Post Petition Financing Pursuant to 11 U.S.C. sec. 364(c) and Request for Approval of "super priority" status. On said Motion debtor alleged a need to obtain inventory for its stores utilizing the proposed financing approved by the BDEPR. Debtor also requested this Court to authorize the "super priority" status of the post petition debt with BDEPR; and to approve a repayment of the loan pursuant to the Loan Agreement to be executed between the parties. *See Docket 204.*

3. On November 9, 2010 this Court approved the post petition financing and the "super priority" status to the loan between debtor and the BDEPR. *See Docket 209.*

4. Upon obtaining this Court's approval, debtor and the BDEPR executed the Loan Agreement on November 24, 2010. The Loan Agreement established the repayment terms agreed by both parties. According to the repayment terms, debtor agreed to pay monthly installments of interests since the beginning of the agreement until February 1, 2011. The interest would be calculated over the principal at a rate of 2% over the prime rate. Debtor also agreed to make partial payments to the principal, including a payment of $400,000 to the principal on or before January 15, 2011. The outstanding balance of the principal was due on February 1, 2011. *See Exhibit 1, Loan Agreement.*

5. On March 17, 2011 debtor filed First Amended Plan of Reorganization where it classified BDEPR's debt as a "super priority" claim to be paid as set forth in the repayment terms of the Loan Agreement executed by the parties. *See Docket 321.* The proposed Plan was confirmed on March 31, 2011. That debtor issued two payments for the principal in an amount of $100,000 in February 7, 2011 and $50,000 in March 15, 2011. *See Exhibit 2, Summary of Payments.* <u>Debtor has not made any other payment since March 15, 2011 failing to make the payments as set forth in the Amended Plan and Loan Agreement</u>.

6. Therefore BDEPR moves for the dismissal of the above reference case pursuant to Section 1112(b)(4)(N) of the Bankruptcy Code for debtor's failure to make payments according to the confirmed Amended Plan and Loan Agreement executed between the parties.

7. Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest and after notice and a hearing, the court shall grant the dismissal of a Chapter 11 case upon the movant's establishment of cause. Subsection 1112(b)(4) provides a lengthy but non exhaustive list of what constitutes "cause". <u>In re Dziurgot Farnsworth, 2009 Bankr. Lexis 3699</u>. Section 1112(b)(4)(N) provides that a "material default by debtor with respect to a confirmed plan" is cause to dismiss or convert a chapter 11 petition.

8. Several courts have concluded that a failure to make payments required under the plan is a material default and is a cause for dismissal. See <u>In re: AMC Mortgage Company Inc.</u>, 213 F.3d 917 (6th Cir. 2000); In re: <u>H.R.P. Auto Center, Inc.</u>, 130 B.R. 247, 256 (Bankr. N.D. Ohio 1991); <u>In re: Potts</u>, 188 B.R. 575 (N.D. Ind. 1995).

9. Since debtor has failed to make payments as required under the Amended Plan and Loan Agreement, this case should be dismiss.

WHEREFORE, the BDEPR requests this Honorable Court to dismiss the above reference case.

This the 27th day of June, 2011.

**Nolla, Palou & Casellas LLC**
Counsel for Creditor for BDEPR
PO Box 195287
San Juan, PR 00919-5287
Tel. (787) 625-6535
Fax. (787) 625-6530
jln@npclawyers.com


s/Jennifer López-Negrón
Jennifer López-Negrón
USDC 225802

## CERTIFICATE OF SERVICE

I hereby certify that on this same date, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF System which will send notification of such filing to the following: Edgardo Muñoz, the U.S. Trustee and all other parties registered to receive Notice and I hereby certify that I have mailed by USPS the document to the following non CM/ECF participants: Eugene F. Hestres, PO Box 9024040, San Juan, PR 00902-4040 and Eddie Ramirez, PO Box 11741, San Juan, PR 00922.

.